UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AMMAR ABDULMAJID MOHAMED
SAID

        Defendant.

_____/

Case No. 25-cr-20725
Hon. Matthew F. Leitman

## **MOTION AND BRIEF FOR AN ORDER DESIGNATING CASE AS A COMPLEX CASE**

NOW COMES the United States of America, by and through its attorneys, JEROME F. GORGON JR, United States Attorney, Douglas C. Salzenstein, Assistant United States Attorney, and John Cella, Trial Attorney for the United States Department of Justice, and hereby submits that this case is unusual and complex due to the nature of the prosecution and other factors set forth herein, and that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161. The United States therefore respectfully requests that the Court designate this case as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and that the Court continue the trial date pursuant to 18 U.S.C. § 3161(h)(7)(A) as set forth in

1

the Court's October 17, 2025, Order continuing dates and finding excludable delay (which anticipated this unopposed motion to designate the case as complex).

## BRIEF IN SUPPORT

In support of its motion, the United States of America states the following:

1.      On May 13, 2025, a Criminal Complaint charged Defendant, Ammar Abdulmajid-Mohamed Said, with 18 U.S.C § 2339B, attempting to provide material support and resources to a designated foreign terrorist organization, and 18 U.S.C § 842(p)(2), distributing information related to a destructive device. Defendant was arrested on the Complaint and, thereafter, consented to detention on May 15, 2025.

2.      Defendant's preliminary examination was originally scheduled for May 28, 2025. The parties stipulated, however, to two orders continuing the preliminary examinations (ultimately until October 10, 2025), so the government could provide certain pre-indictment discovery.

3.      The parties also noted the case was complex and required the negotiation of a protective order to address discovery in this matter. *See* ECF No. 13, PageID.61 (entry of protective order).

2

4.      During this time-period, the government provided limited discovery and arranged for defense counsel to examine certain video evidence at the offices of the Federal Bureau of Investigation ("FBI").

5.      An Information was filed on September 25, 2025, charging the Defendant with the same crimes as alleged in the Complaint, *see* ECF No. 20, PageID.86, and the Defendant was arraigned on the Information on October 10, 2025.

6.      The Court issued a Scheduling Order on October 14, 2025. *See* ECF No. 22, PageID.92.

7.      Thereafter, the parties submitted a stipulation and proposed order continuing the dates set forth in the Scheduling Order, including the trial date. In the stipulation, the parties specifically agreed that the matter was complex and additional voluminous discovery would need to be produced to the Defendant.

8.      Indeed, the parties specifically noted that a complex case motion would be filed and that the Defendant did not anticipate opposing the motion. *See* ECF No. 25, PageID.106.

9.      Based on the parties' stipulation, the Court continued the trial date until April 14, 2026, and found excludable delay under the Speedy Trial Act. *See* ECF No. 25, PageID.108-11.

10.     On November 19, 2025, the United States contemporaneously filed a Notice Pursuant to 18 U.S.C. App. III (the Classified Information Procedures Act or "CIPA") to apprise the Court of CIPA's applicability to matters relating to classified information that may arise in connection with the case, both before and during trial. The notice also requested that the Court designate a Classified Information Security Officer ("CISO") to assist the Court (and court personnel) in the handling of any motions, pleadings, and orders related to classified information at issue in this prosecution.

11.     The charges in this case resulted from an investigation spanning nearly a year, conducted by the Federal Bureau of Investigation ("FBI"). The Government's evidence in this case is complex and voluminous, and includes, among other things:

a)     Evidence seized from numerous court authorized search warrants, including for the Defendant's home, person, vehicles, and for a variety of electronic devices, including cellular telephones, computers, iCloud, and other storage media. The electronic storage materials are voluminous.

b)     Voluminous video and/or audio recorded meetings and communications between the Defendant and one or more FBI

Confidential Human Sources ("CHS"), Undercover Employees ("UCE"), and/or Online Covert Employees ("OCE"). The actual image, cover name, identifier, and/or online account name of any CHS, UCE, or OCE (or any other information that could lead to the identity of a CHS, UCE, or OCE) remains classified and is highly sensitive and will need to be pixilated and modulated in any unclassified format that will be produced to protect the identity of these individuals.

c) Hundreds of reports, representing thousands of pages, some of which involve national security information requiring redaction. This includes voluminous texts, writings, audio recordings, and other materials, in part, in the Arabic language.

d) Potential expert witness testimony for, among other things, explosives, ISIS, ISIS propaganda, and drones.

e) Defendant's lengthy interview after his arrest.

12. The Speedy Trial Act permits the Court to continue the trial date if the Court finds that the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

5

13.     Additionally, pursuant to § 3161(h)(7)(B)(ii), a continuance is warranted if the Court finds that "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

14.     The Government submits that this case is a complex case within the meaning of § 3161(h)(7)(B)(ii) due to the nature of the prosecution and complexity of the anticipated litigation, delay associated with the review of classified information and potential motions filed pursuant to Section 4 of CIPA, the need for several expert witnesses to review the evidence, the time needed to review and translate Arabic-language materials, and the time needed to review a large volume of discovery materials. Therefore, it is unreasonable to expect adequate preparation for pre-trial proceedings and trial within the time limits of the Speedy Trial Act.

15.     In addition, § 3161(h)(7)(B)(iv) provides that if the case, "taken as a whole, is not so unusual or so complex," to fall within § 3161(h)(7)(B)(ii), then the Court may allow a continuance if the failure to grant a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence."

16.     The parties, as stated above, already included the potential for a motion designating the case as complex in their justification for an adjournment of dates and a finding of excludable delay. *See* ECF No. 25, PageID.110.

17.     The United States submits that, as the Court already found in its October 17, 2025 Order adjourning dates and finding excludable delay (*see* ECF No. 25, PageID.108-11), the ends of justice favor a continuance because the parties would otherwise be denied the reasonable time necessary for effective preparation, and such preparation will substantially shorten the time necessary for trial.

18.     The ends of justice resulting from a continuance will outweigh the interests of the public and the defendant in a speedy trial. *Id.*

19.     Accordingly, the United States respectfully requests that the Court issue an Order that designates this matter a complex case under 18 U.S.C. § 3161(h)(7)(B)(ii) based on a continued finding that a failure to grant a continuance would deny the parties reasonable time necessary for effective pretrial preparation, and grant any future continuances of the trial date under § 3161(h)(7)(B)(ii) as the Court deems necessary after receiving input from the parties.

20.     Pursuant to Local Rule 7.1, the Government sought and received

concurrence from the Defendant in the relief sought in this Motion.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

By: */s/Douglas C. Salzenstein*
Douglas C. Salzenstein
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Telephone: (313) 226-9196
E-mail: Doug.Salzenstein@usdoj.gov

s/*John Cella*
Trial Attorney
National Security Division
Counterterrorism Section
950 Pennsylvania Ave NW
Washington, DC 20530
Telephone: (202) 305-1601
E-mail: John.Cella@usdoj.gov

Dated: November 19, 2025

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Michael Carter, Elizabeth Young and Bill Swor.

/s/ Douglas C. Salzenstein
DOUGLAS C. SALZENSTEIN
Assistant United States Attorney